*NOT FOR PUBLICATION*

---

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX
### APPELLATE DIVISION

---

| | |
|---|---|
| ESTATE OF ENA M. EDNEY, | )D.C. Civ. App. No.  2005/0016 |
| BEVERLY A. EDNEY, NADINE A. EDNEY | )Sup. Ct. Prob. No.  0083/1997 |
| RUEBEN DOWLING, RHEA D. DOWLING, | ) |
| | ) |
|        Appellants, | ) |
| | ) |
|        v. | ) |
| | ) |
| RENE D. DOWLING, | ) |
| | ) |
|        Appellee. | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
Superior Court Judge: Hon. Patricia D. Steele

Considered: March 30, 2010
Filed: September 27, 2011

BEFORE:    CURTIS V. GÓMEZ, Chief Judge, District Court of the
Virgin Islands; RAYMOND L. FINCH, Judge of the District
Court of the Virgin Islands; and JAMES S. CARROLL III,
Judge of the Superior Court of the Virgin Islands,
sitting by designation.

ATTORNEYS:

Beverley A. Edney, Esq.
St. Croix, U.S.V.I.
       Attorney for Appellant,

Renee D. Dowling, Esq.
St. Croix, U.S.V.I.
       Attorney for Appellee.

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum Opinion
Page 2

---

### Memorandum Opinion

Here, we are tasked with determining whether the trial court erred in dismissing this matter, *sua sponte*.

### I.   FACTUAL AND PROCEDURAL POSTURE

On August 19, 1997, Rueben Dowling ("Plaintiff") filed a petition to administer the estate of his deceased mother, Ena Edney ("decedent"). Before her death, the decedent gave a parcel of real property, identified as No. 21-D, Estate LaGrande Princesse ("property"), to three of her children, namely Victor H. Edney, Jr., Nadine A. Edney and Renee Dowling.

The decedent purportedly conveyed the property via a document designated "deed of gift". The deed of gift was executed by the decedent, witnessed by two uninvolved individuals, and acknowledged before Appellee, Rene Dowling ("Appellee"), who is an attorney and licensed notary public.

Following Plaintiff's petition, probate litigation ran a typical course. Discovery ensued. The court issued rulings on a variety of motions including denying default in February of 1998, denying a motion to dismiss in February of 2000, and ruling on a

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum Opinion
Page 3

summary judgment motion on April 28, 2000.[1]  The Plaintiff

claimed that he never received the court's summary judgment

ruling. Thereafter, the parties' active participation in

litigation faded.

Without prior notice or hearing on November 23, 2004, the

Superior Court abruptly issued a one-page, three paragraph order

summarily dismissing the case for lack of prosecution. On

December 9, 2004, this timely notice of appeal was filed.

## II.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to consider a final civil

judgment from the Family Division of the Superior Court. Revised

Organic Act of 1954 § 23A; 48 U.S.C. § 1613a; V.I. Code Ann. tit.

16, § 109 (1996); Act No. 6730 § 54(d)(1) (Omnibus Justice Act of

2005).[2]

---

[1] In his motion for summary judgment, Plaintiff claimed that
the conveyance of real property was invalid, and requested that
the property be returned to the decedent's estate for
administration.

[2] The complete Revised Organic Act of 1954 is found at 48
U.S.C. §§ 1541-1645 (1995 & Supp. 2003), *reprinted in* V.I. CODE
ANN. 73-177, Historical Documents, Organic Acts, and U.S.
Constitution (1995 & Supp. 2003) (preceding V.I. CODE ANN. tit.
1).

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum Opinion
Page 4

The applicable standard of review for involuntary dismissal under Fed. R. Civ. P.41(b) is abuse of discretion. *Gov't of the V.I. ex rel. Woods v. Davis*, 2008 U.S. Dist. LEXIS 101195, at *4 (D.V.I. App. Div. Dec. 5, 2008)(citing *Curtis T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co.*, 843 F.2d 683, 691 (3d Cir. 1988)(citing *NHL v. Metro. Hockey Club*, 427 U.S. 639, 642 (1976)).

## III.   ANALYSIS

In this case, the Plaintiff challenged a deed of conveyance concerning real property via motion for summary judgment. He specifically sought return of the property to the decedent's estate. On April 28, 2000, the court penned its summary judgment ruling.[3] In denying the Plaintiff's motion, the court held that the deed was valid and that the property was to remain in current ownership.

Four years later, when the court perceived that the case was inactive, it *sua sponte* dismissed the matter for lack of prosecution. This appeal arises from the trial court's final *sua sponte* dismissal order. The Plaintiff contends, *inter alia*, that he was inactive because he never received the court's April 28,

---

[3] The Appellant claims that he did not receive the trial court's April 28, 2000, summary judgment ruling until December 17, 2004. (Appellant's Br. at 8.)

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum Opinion
Page 5

2000, summary judgment order and that he was waiting for the court to rule on his motion.

The lower court cited neither codified rule nor common law jurisprudence to substantiate its dismissal order.  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the U.S. Court of Appeals for the Third Circuit examined the factors to be balanced by a trial court in deciding whether to dismiss a complaint due to a plaintiff's failure to meet court imposed deadlines and other procedural requisites. *Poulis*, 747 F.2d at 868-70. These factors are (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) whether there has been a history of dilatoriness in the case; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*.  The Court of Appeals for the Third Circuit has specifically used these factors in examining a motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). *See Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126 (3d Cir. 1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984).

The *Poulis* analysis involves a balancing test, and therefore, it is not necessary that all of the *Poulis* factors are

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum Opinion
Page 6

met to warrant dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). However, a trial court "cannot simply ignore the *Poulis* factors." *Myers v. Derr*, 2001 U.S. Dist. LEXIS 16858, at *10 (D.V.I. App. Div. Aug. 15, 2001) (where the trial court dismissed a case *sua sponte*, pursuant to Fed. R. Civ. P. 41(b), it could not ignore the *Poulis* factors); *see also Scarborough*, 747 F.2d at 875 (because a *sua sponte* Rule 41(b) dismissal order deprives a party of its day in court, a reviewing court must carefully review each such case to ascertain whether the trial court abused its discretion in applying such an extreme sanction).

Recently, in *Gov't of the V.I. ex rel. Woods v. Davis*, we faced a similar situation. 2008 U.S. Dist. LEXIS 101195 (D.V.I. 2008). *Davis* also concerned a final family division decision arising from the Superior Court. In *Davis*, the trial court issued an order requiring the parties to submit a record of a pertinent administrative agency decision. *See Davis*, 2008 U.S. Dist. LEXIS 101195,* at 2. However, the parties did not submit the record within the court's time frame. *Id*. The court subsequently summarily dismissed the case without consideration of any *Poulis* factos. *Id*. *at 3.

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum Opinion
Page 7

On review, we held that the trial court's one-page dismissal order was issued in error. *See Davis*, 2008 U.S. Dist. LEXIS 101195, *at 6. In *Davis*, we highlighted that the Third Circuit Court of Appeals has repeatedly emphasized that trial courts should be reluctant to deprive a party the right to have its claim adjudicated on the merits. *Id.* (citing *Donnelly v. Johns-Manville Sales Corporation*, 677 F.2d 339, 341 (3d Cir. 1982)).

Here, the trial court's dismissal is even more hasty than in *Davis*. In *Davis*, a time line and an order preceded dismissal. *See Davis*, 2008 U.S. Dist. LEXIS 101195,*at 2. No order preceeded dismissal here.

We acknowledge that this case was initiated in 1997. We empathize with the Superior Court's goals of advancing its docket and bringing closure to glacial cases. However, in a jurisdiction that decidedly prefers to hear cases on its merits, the Superior court is compelled to more carefully consider relevant factors that substantiate dismissal. *See id.* We emphasize that such an analysis may be brief. Here, however, the trial court's final order is barren of substantive factual analysis, and bereft of any *Poulis* considerations. Accordingly, the trial court abused its discretion by dismissing this matter without making reference to the *Poulis* factors. *Id.* *at 6.

*Estate of Ena M. Edney, et al. v. Rene Dowling*
D.C.Civ. App. No. 2005/0016
Memorandum  Opinion
Page 8

## IV. CONCLUSION

For the reasons cited above, we will **REVERSE** the Superior Court's dismissal order and **REMAND** for further proceedings consistent with this opinion.[4]

---

[4] The Appellants also challenges the trial court's April 28, 2000 summary judgment decision. Given our decision to remand, we decline to hear the merits of Appellants' claims in this regard.